UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SONIA JOHNSON,<br><br>   Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT,<br><br>   Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

SONIA JOHNSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDENCE RESOURCE MANAGEMENT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a natural person residing in Corpus Christi TX 78413.

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See § 1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a national debt collection company with headquarters located 17000 Dallas Parkway, Drive, # 204, Dallas TX 75248.

12. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

13. The primary purpose of Defendant's business is debt collection.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

15. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

17. Beginning sometime in or around September 2016, Defendant began placing calls to Plaintiff's cellular telephone seeking to contact a third party named Cynthia Hinojosa (phonetic).

18. Defendant has placed telephone calls to Plaintiff from numbers including, but not limited to: (844) 362-5479.  The undersigned has confirmed that these telephone numbers belong to Defendant.

19. Plaintiff told Defendant that they had the wrong phone number and to stop the calling in or around September 2016 shortly after the calls began.

20. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place these calls.

21. However, Defendant continued to contact Plaintiff through August 2017.

22. Defendant's calls were also not for emergency purposes, but rather to reach an unknown third party.

23. When contacting Plaintiff, Defendant used an automatic telephone dialing system and/or a pre-recorded voice.

24. Plaintiff knew Defendant was using an automatic telephone dialing system and/or a pre-recorded voice as a recording would play before a live representative would come on the telephone.

25. These calls were particularly frustrating for Plaintiff as she would often receive calls while at work.

26. After the calls to Plaintiff's cellular telephone continued in spite of her request for calls stop, Plaintiff had no other option but to block calls from their number.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

27. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone between November 2016 and August 2017 knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or pre-recorded voice.

31. Defendant's calls to Plaintiff were not made for emergency purposes.

32. Defendant's calls to Plaintiff, on and after September 2016, were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SONIA JOHNSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SONIA JOHNSON, demands a jury trial in this case.

                                  Respectfully submitted,

Dated: November 28, 2017        By: /s/ Amy L. Bennecoff Ginsburg, Esq.
                                          Amy L. Bennecoff Ginsburg, Esq.
                                          Attorney-in-Charge for Plaintiff
                                          Pennsylvania Bar No. 202745
                                          Federal Bar No. 1477508
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, Pennsylvania 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com